UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RUBEN SANCHEZ and
LILIANA SANCHEZ,

Plaintiffs,

v.

FAY SERVICING LLC, et al.,

Defendants.

Case No.: 25-CV-3589 JLS (MMP)

**ORDER:**

**(1) GRANTING APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS,**

**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND,**

**(3) DENYING PLAINTIFFS' EMERGENCY MOTION FOR MANDATORY AND PROHIBITORY INJUNCTIVE RELIEF TO PREVENT WASTE, DESTRUCTION, AND MOOTNESS, AND**

**(4) DENYING AS MOOT PLAINTIFFS' EMERGENCY MOTION TO EXEDITE RULING ON APPLICATION TO PROCEED IN FORMA PAUPERIS AND ISSUANCE OF SUMMONS**

1

(ECF Nos. 1, 2, 3, 4, 5)

Presently before the Court are pro se Plaintiffs Ruben Sanchez's and Liliana Sanchez's Complaint ("Compl.," ECF No. 1), Liliana Sanchez's Application to Proceed in District Court Without Prepaying Fees or Costs ("Liliana IFP Appl.," ECF No. 2), Ruben Sanchez's Application to Proceed in District Court Without Prepaying Fees or Costs ("Ruben IFP Appl.," ECF No. 3), Plaintiffs' Emergency Motion for Mandatory and Prohibitory Injunctive Relief ("TRO Mot.," ECF No. 4), and Plaintiffs' Emergency Motion to Expedite on Ruling on Application to Proceed in Forma Pauperis and Issuance of Summons ("Mot. to Expedite," ECF No. 5). Having carefully considered Plaintiffs' Complaint and the law, the Court **GRANTS** Plaintiffs' IFP Applications, **DISMISSES** Plaintiffs' Complaint **WITH LEAVE TO AMEND**, **DENIES AS MOOT** Plaintiffs' TRO Motion, and **DENIES AS MOOT** Plaintiffs' Motion to Expedite.

## *IN FORMA PAUPERIS* APPLICATIONS

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

2

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981)).

In Plaintiff Liliana Sanchez's IFP Application, she states that her monthly income is $2,000.00. Liliana IFP Appl. at 1. Plaintiff is an IHSS care giver, has savings of $1,800, and has monthly expenses totaling $619.00. *Id.* at 2–5. In Plaintiff Ruben Sanchez's IFP Application, he states that his monthly income is $1,200.00. Ruben IFP Appl. at 1. Plaintiff is self-employed, has savings of $1,200, and has monthly expenses totaling $359.00. *Id.* at 2–5. The Court is satisfied that Plaintiffs have adequately demonstrated that paying the $405 filing fee would result in their inability to afford the necessities of life. Accordingly, the Court **GRANTS** Plaintiffs' IFP Applications.

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

**I.      Legal Standard**

Because Plaintiffs seek to proceed IFP, their Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) *overruled, in part on other grounds by, Peralta v. Dillard*, 744 F.3d 1076 (9th Cir.

3

2014) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). Under this statute, the Court *sua sponte* must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires pleading facts supporting a claim for relief, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678–79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Independently, Federal Rule of Civil Procedure 8 requires pleadings to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* at 8(d)(1). Rule 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). A complaint which is "argumentative, prolix, replete with redundancy, and largely irrelevant" does not meet Rule 8's requirement of simplicity, directness, and clarity. *Id.* at 1177–78.

Further, courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (quoting *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963)).

## II.    Discussion

Plaintiffs appear to bring claims for: (1) procedural discrimination; (2) fraud and concealment; (3) discrimination wrongful foreclosure; (4) wrongful foreclosure practice; (5) FHA & ECOA retaliation; (6) conspiracy and joint enterprise; (7) aiding and abating lawyers title and fidelity; (8) title companies and quite title; (9) violation of due process; (10) violation of bankruptcy stay; (11) declaratory and injunctive relief; and (12) non-core. Compl. at 1. Yet, the Complaint's "Statement of Claim" section is left completely blank, providing no context as to the facts of this dispute or the nature of the claims. *See* Compl. at 3–4. Further, Plaintiffs provide no clarity as to which of the several Defendants are the subject of which specific claims and why. *See generally id.*

Plaintiffs' allegations lack the requisite clarity to provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted); *see also McHenry*, 84 F.3d at 1178 (explaining that a complaint lacking "simplicity, conciseness and clarity as to whom [a plaintiff is] suing for what wrongs, fails to perform the essential functions of a complaint"). As the Complaint fails to state a claim upon which relief may be granted, the Court must *sua sponte* dismiss it pursuant to 28 U.S.C. § 1915(e)(2). The Court therefore **DISMISSES AS MOOT** Plaintiffs' TRO Motion and Motion to Expedite.

However, as the nature of Plaintiffs' claims are not fully comprehensible by the Court at this time, the Court cannot rule out the possibility that Plaintiffs can plausibly allege facts addressing the deficiencies described in this Order. Thus, the Court will grant Plaintiffs leave to amend their complaint.

/ / /

25-CV-3589 JLS (MMP)

**CONCLUSION**

In light of the above, the Court:

1.    **GRANTS** Plaintiffs' IFP Applications (ECF Nos. 2, 3).

2.    **DISMISSES** Plaintiffs' Complaint (ECF No. 1) **WITHOUT PREJUDICE** for its failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). Given Plaintiffs' pro se status, the dismissal is **WITH LEAVE TO AMEND**. Plaintiffs thus have <u>forty-five (45) days'</u> leave from the date of this Order to file an amended complaint curing the pleading deficiencies noted above. Plaintiffs are advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Any amended complaint must be complete in and of itself without reference to Plaintiffs' original Complaint; claims not realleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived"). ***If Plaintiffs fail to amend within the time provided, the Court will enter a final order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

3.    **DENIES AS MOOT** Plaintiffs' Emergency Motion for Mandatory and Prohibitory Injunctive Relief (ECF No. 4).

4.    **DENIES AS MOOT** Plaintiffs' Emergency Motion to Expedite on Ruling on Application to Proceed in Forma Pauperis and Issuance of Summons (ECF No. 5).

**IT IS SO ORDERED.**

Dated:  March 26, 2026

Hon. Janis L. Sammartino
United States District Judge

6

25-CV-3589 JLS (MMP)

25-CV-3589 JLS (MMP)