UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RUBEN SANCHEZ and LILIANA SANCHEZ,

Plaintiffs,

v.

FAY SERVICING LLC, et al.,

Defendants.

Case No.: 25-CV-3589 JLS (MMP)

**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**

(ECF No. 7)

Presently before the Court is pro se Plaintiffs Ruben Sanchez and Liliana Sanchez's First Amended Complaint ("FAC," ECF No. 7). Having carefully considered the FAC and the law, the Court **DISMISSES** the FAC **WITH LEAVE TO AMEND**.

**LEGAL STANDARD**

Because Plaintiffs seek to proceed IFP, their Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) *overruled, in part on other grounds by, Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). Under this statute, the Court *sua sponte* must

dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires pleading facts supporting a claim for relief, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678–79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Independently, Federal Rule of Civil Procedure 8 requires pleadings to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* at 8(d)(1). Rule 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). A complaint which is "argumentative, prolix, replete with redundancy, and largely irrelevant" does not meet Rule 8's requirement of simplicity, directness, and clarity. *Id.* at 1177–78.

Further, courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A district court

should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (quoting *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963)).

## DISCUSSION

In their initial Complaint (ECF No. 1.), Plaintiffs appeared to bring claims for: (1) procedural discrimination; (2) fraud and concealment; (3) discrimination wrongful foreclosure; (4) wrongful foreclosure practice; (5) FHA & ECOA retaliation; (6) conspiracy and joint enterprise; (7) aiding and abating lawyers title and fidelity; (8) title companies and quite title; (9) violation of due process; (10) violation of bankruptcy stay; (11) declaratory and injunctive relief; and (12) non-core. ECF No. 1 at 1. The Court dismissed that Complaint because it provided "no context as to the facts of this dispute or the nature of the claims." ECF No. 6 at 5. This time around, Plaintiffs' FAC is similarly deficient. Although Plaintiffs attach several exhibits showing, among other things, deeds to the property at issue, Plaintiffs FAC still lacks any facts illustrating what grounds the claims are based on. And like the initial Complaint, the FAC provides "no clarity as to which of the several Defendants are the subject of which specific claims and why." ECF No. 6. at 5.

Such allegations—or lack thereof—do not provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted); *see also McHenry*, 84 F.3d at 1178 (explaining that a complaint lacking "simplicity, conciseness and clarity as to whom [a plaintiff is] suing for what wrongs, fails to perform the essential functions of a complaint"). As the Complaint fails to state a claim upon which relief may be granted, the Court must *sua sponte* dismiss it pursuant to 28 U.S.C. § 1915(e)(2).

Although Plaintiffs were previously granted leave to amend, the Court cannot rule out the possibility that Plaintiffs can plausibly allege facts addressing the deficiencies described in this Order. Thus, the Court will grant Plaintiffs one more chance to amend their Complaint.

## CONCLUSION

In light of the above, the Court **DISMISSES** Plaintiffs' Complaint (ECF No. 1) **WITHOUT PREJUDICE** for its failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). Given Plaintiffs' pro se status, the dismissal is **WITH LEAVE TO AMEND**. Plaintiffs thus have forty-five (45) days' leave from the date of this Order to file an amended complaint curing the pleading deficiencies noted above. Plaintiffs are advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Any amended complaint must be complete in and of itself without reference to Plaintiffs' original Complaint; claims not realleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived"). ***If Plaintiffs fail to amend within the time provided, the Court will enter a final order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 1, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge